UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARILYN THEARD, R.N.**                                  **CIVIL ACTION**

**VERSUS**                                                **NO. 11-1502**

**MARY T. BEZETJOE, ET AL.**                              **SECTION "I" (3)**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Marilyn Theard, filed the above-captioned matter in this Court in which she sues defendants Mary T. BezetJoe and Joe Zito, "agents" of La Capitol Federal Credit Union ("FCU"), and FCU itself. While plaintiff's pleadings are largely unintelligible, it appears that plaintiff sues defendants for fraud, for issuing a credit card in her name and for allowing her disability insurance policy to lapse.

On June 27, 2011, this Court granted plaintiff leave to proceed *in forma pauperis* but ordered plaintiff to show cause why this lawsuit should not be summarily dismissed for lack of federal subject-matter jurisdiction. [Doc. #3]. On July 29, 2011, plaintiff responded to the Court's Order. In her response, plaintiff asserts jurisdiction under 42 U.S.C. § 1983. [Doc. #4 at p. 1]. On September 9, 2011, plaintiff supplemented her response to the rule to show cause with a Motion to Continue Lawsuit Against La Capitol FCU Do [sic] to Their Lack of Evidence and Under Color of State Law [Doc. #5].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding pursuant to the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

parties or otherwise that the court lacks jurisdiction of the subject matter.' "[3]  Plaintiff has failed to convince this Court that Section 1983 provides a basis for this Court's exercise of subject-matter jurisdiction here.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  To state a clam under Section 1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  Section 1983 "is not itself a source of substantive rights;" rather it merely provides "a method of vindicating federal rights conferred elsewhere." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  When a plaintiff alleges a violation under Section 1983 against private actors, the conduct challenged as the basis of the constitutional deprivation must constitute state action under color of law.  *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001). For a private defendant's conduct to be considered state action, the defendant "must be a person who may fairly be said to be a state actor," which may be because the defendant "has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).  Private individuals generally

---

[3]  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

are not considered state actors, and "a private party's mere invocation of state legal procedures" does not constitute " 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." *Id.* at 939 n. 21, 941.

The Court's review of plaintiff's pleadings here reveals two fatal flaws. First, there is no indication that fraud, issuing a credit card in a person's name or allowing a disability insurance policy to lapse constitute a violation of a right secured by the Constitution or laws of the United States. This Court has found no case law – and plaintiff has cited the Court to none – to support the argument that defendants' alleged actions here violated a right secured to plaintiff by the Constitution or laws of the United States. To this Court's knowledge, no clause of the Constitution nor any federal statute protects plaintiff from the alleged actions of the potential defendants here.

In addition, the Court finds no indication – and no case law to support the argument – that any of the three defendants is a state actor for purposes of Section 1983. Plaintiff has failed to allege that the potential defendants are employed by the state, acted with or obtained significant aid from state officials, or that any of their alleged conduct is attributable to the state. This Court's review of the case law reveals no support for the argument that a bank employee, or even a bank, is a state actor within the meaning of Section 1983 under the circumstances alleged here. Accordingly, plaintiff can not invoke Section 1983 as a basis for this Court's exercise of subject-matter jurisdiction.

Neither is diversity jurisdiction under 28 U.S.C. § 1332 apparent from the face of plaintiff's complaint. While plaintiff states that she seeks approximately $270,000.00 under the insurance policies, plaintiff fails to state whether the individual defendants are citizens of Louisiana or citizens

of another state. The Court notified plaintiff of this fact in its rule to show cause, but plaintiff failed again to allege any facts to support the exercise of diversity jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Motion to Open a Lawsuit Against La Capitol FCU [Doc. #4] and the Motion to Continue Lawsuit Against La Capitol FCU Do [sic] to Their Lack of Evidence and Under Color of State Law [Doc. #5] be DENIED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of October, 2011.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE